**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| PEKIN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:21-cv-121 |
| | ) | |
| GREE USA, INC., GREE ELECTRIC | ) | |
| APPLIANCES INC. OF ZHUHAI and | ) | |
| PEOPLE'S INSURANCE COMPANY | ) | |
| OF CHINA, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

COMES NOW the Plaintiff, Pekin Insurance Company (hereinafter "Pekin Insurance"), by counsel, Kevin L. Moyer, and complains of the Defendants, Gree USA, Inc. ("Gree USA"), Gree Electric Appliances Inc. of Zhuhai ("Gree Zhuhai") and People's Insurance Company of China (hereinafter "PICC"), and for cause would show the Court as follows:

**<u>PARTIES</u>**

1.      The Plaintiff, Pekin Insurance, is an insurance company licensed to do business in the State of Indiana and that at all times referred to herein had issued a policy of insurance to Anthony and Barbara Avenatti ("Avenatti") for their real and personal property located at 2622 E. Center Street, Clinton, Indiana, under policy number 00TH84832.

2.      The Defendant, Gree USA, is a California company which maintains a principal place of business at 20035 E. Walnut Drive North, City of Industry, CA 91789.

3.      The Defendant, Gree Zhuhai, is a corporation organized and existing under the laws of China that maintains its principal place of business at West Jinjixi Road, Zhuhai, China.

4.      Federal district courts have held as a matter of law that Gree Zhuhai may be served with process through its agents in the United States, including cases filed in the Northern District of Indiana.

5.      Gree USA, Inc. has an agency relationship for the purposes of service of process and jurisdiction with Gree Zhuahi.

6.      The Defendant, PICC, is a corporation organized and existing under the laws of China that maintains its principal place of business at 15th Floor, Guangdong Investment Tower, 148 Connaught Road, Hong Kong.

<u>**JURISDICTION/VENUE**</u>

7.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

8.      Venue in this action is proper in this District Court pursuant to 28 U.S.C. § 1391(b)(2) part of the events and omissions giving rise to the Plaintiff's claims herein occurred in this district.  Specifically, Plaintiff settled a subrogation claim resulting from a fire that occurred at a residential home located 2622 East Center Street, Clinton, IN 47842, which fire was caused by a defective dehumidifier designed, manufactured, sold and distributed by the Defendants, Gree USA and Gree Zhuahi.

## **FACTS COMMON TO ALL COUNTS**

9.      A January 5, 2019 fire occurred at the home of Anthony and Deborah Avenatti located 2622 East Center Street, Clinton, IN 47842, which fire resulted from a defective dehumidifier designed, manufactured, sold and distributed by Gree USA and Gree Zhuahi.

10.      Pekin Insurance Company tendered insurance benefits in excess of $500,000.00 to its insureds, Anthony and Deborah Avenatti, as result of the aforementioned fire and then initiated a subrogation claim against Gree USA and Gree Zhuahi.

11.      On November 13, 2020, Pekin Insurance settled its claims against Gree USA, Gree Zhuahi and PICC for $445,000.00.

12.      On November 19, 2020, Pekin Insurance Company's authorized representative, Diane Schurman, executed a Settlement Agreement and General Release Of All Claims (hereinafter "Release"), a copy of which is attached and incorporated herein as Exhibit 1 to Plaintiff's Complaint.

13.      On November 24, 2020, the Release was emailed and sent by certified mail to counsel for Gree USA, Gree Zhuahi and PICC, which counsel was Gordon & Rees Scully Mansukhani (hereinafter "Gree Counsel") and whose offices are located at 1 Battery Park Plaza, 28th Floor, New York, NY 10004.

14.      On November 30, 2020, Gree Counsel received the original release by certified mail.

15.      Pursuant to the terms of the Release, Defendants were to issue "payment of Four Hundred and Forty Five Thousand Dollars ($445,000.00) paid to 'Pekin Insurance

Company and its attorney, Moyer Law Firm, P.C.' and to be tendered to Claimant's counsel, Attorney Kevin Moyer, by or on behalf the Released Parties within ninety (90) days of the date of this fully executed release being received" by Gree Counsel, or February 28, 2021.

16.     Defendants have failed to tender the settlement monies of $445,000.00 to Plaintiff's counsel, which monies were due on or before February 28, 2021.

## COUNT I – BREACH OF CONTRACT
### (ALL DEFENDANTS)

17.     Plaintiff hereby incorporates the allegations contained in rhetorical paragraphs 1 through 16 as if fully set forth herein.

18.     The Plaintiff has complied with all terms and conditions of the Release executed between the parties.

19.     The Defendants have materially breached the terms of the Release by failing to tender the settlement monies in the amount of $445,000.00 to Plaintiff's counsel on or before February 28, 2021 as required by the express terms of the Release.

20.     Pursuant to Indiana common law, Plaintiff is entitled to prejudgment interest at a daily rate of $73.15.  *Indiana Erectors, Inc. vs. The Trustees of Indiana University, 686 N.E.2d 878 (Ind. Ct. App. 1997).*

WHEREFORE the Plaintiff, Pekin Insurance Company, prays for an entry of judgment in the amount of $445,000.00 against the Defendants, an award of prejudgment interest at a daily rate of $73.15, the costs of this action and for all other just and proper relief.

## COUNT II – PROMISSORY ESTOPPEL
### (COMMON TO ALL DEFENDANTS)

21.     Plaintiff incorporates by reference rhetorical paragraphs 1 through 20 as if fully set forth herein.

22.     Indiana common law, incorporating *Restatement (Second) of Contracts § 90(1),* has recognized the following doctrine of promissory estoppel:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise.

> *First National Bank v. Logan Manufacturing Co., 577 N.E.2d 949, 956 (Ind. 1991).*

23.     The express terms of the Release between the parties stated that Pekin Insurance "will not and does not intend to bring any further claims arising out of resulting from the Incident", i.e. the January 5, 2019 fire loss.

24.     The Release further stated that Pekin Insurance "will not pursue, participate in or assist in any way with any complaints, lawsuits, proceedings, actions or claims of any kind or nature whatsoever".

25.     In compliance with the terms of the Release, and in an expected and reasonable reliance of the terms and conditions of the Release, Pekin Insurance did not file a products liability suit against Gree USA and/or Gree Zhuahi on or before the applicable January 5, 2021 statute of limitations date.

26.     Justice and fair dealing require the Defendants should be estopped from Defendants' refusal to timely fulfill their promise to pay $445,000.00 to Pekin Insurance on or before February 28, 2021 in lieu of Pekin Insurance's agreement not to initiate a products liability suit against Gree USA and/or Gree Zhuahi.

WHEREFORE the Plaintiff, Pekin Insurance Company, prays for an entry of judgment in the amount of $445,000.00 against the Defendants, an award of prejudgment interest at a daily rate of $73.15, the costs of this action and for all other just and proper relief.

<div style="margin-left: 40%">

Respectfully submitted,
MOYER LAW FIRM, P.C.
Attorney for Plaintiff

/s/ Kevin L. Moyer
Kevin L. Moyer #20635-49

</div>

**MOYER LAW FIRM, P.C.**
**230 E. Ohio St., Ste. 201**
**Indianapolis, IN 46204**
**(317) 762-3070**
**(317) 423-8644/FAX**
**kmoyer@moyerlawfirmpc.com**